UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ANTHONY M. MANDIGO** | **CIVIL ACTION NO. 5:13-cv-3179** |
|     LA. DOC #325803 | |
| | **SECTION P** |
| VS. | |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* Petitioner Anthony M. Mandigo, an inmate in the custody of Louisiana's Department of Corrections, filed the instant Petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on December 2, 2013. [doc. # 1]. Petitioner attacks his 2008 convictions for various drug offenses, his subsequent adjudication as a multiple felony offender, and the 40-year concurrent hard labor sentences imposed by the First Judicial District Court, Caddo Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Background

The underlying facts in this case have been set forth by the Louisiana Second Circuit Court of Appeal as follows:

> On March 25, 2008, the defendant was arrested following a narcotics investigation conducted by the Shreveport Police Department and the Caddo Parish Sheriff's Office. A meeting was arranged at which the defendant was to sell 62 grams of crack cocaine to a confidential informant. After the defendant arrived at the meeting site, law enforcement officers moved in to apprehend him. When an officer ordered the defendant out of his vehicle, the defendant attempted to run over him. Because he observed the defendant's young daughter in the front seat of the car, the officer responded by shooting at one of the front tires instead of the interior of the vehicle. As he attempted to flee in his vehicle, the defendant threw a plastic bag out his

window and toward a dumpster. However, the bag went over the dumpster and landed on the ground. It was recovered by law enforcement officers and subsequently determined to contain approximately 58 grams of crack cocaine. The defendant was forced to stop his vehicle and he was arrested. A search of the defendant's residence revealed a large quantity of cocaine and materials required for the manufacture of crack cocaine.

The defendant was charged by bill of information with one count of possession of a Schedule II CDS, cocaine, in excess of 28 grams but less than 200 grams, in violation of La. R.S. 40:967(F)(1)(a); one count of possession of a Schedule II CDS, cocaine, in excess of 400 grams, in violation of La. R.S. 40:967(F)(1)(c); and one count of manufacture of a Schedule II CDS, crack cocaine, in violation of La. R.S. 40:967(A)(1).

The defendant was tried on the first count and convicted as charged following a bench trial in August 2008.[1] The state then filed a habitual offender bill charging the defendant as a fourth felony offender. The state asserted that the defendant had the following prior convictions: (1) a 1993 conviction for possession of Schedule II CDS with intent to distribute;[2] (2) a 1998 conviction for attempted possession of a firearm by a convicted felon; and (3) a 2005 conviction for aggravated flight from an officer, a crime of violence under La. R.S. 14:2(B).

Following a hearing held in October 2008, the trial court adjudicated the defendant as a fourth felony offender pursuant to former La. R.S. 15:529.1(A)(1)(c)(ii), which provided in 2008:

> If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), ... or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten

---

[1] On February 3, 2011, the defendant pled guilty to counts two and three pursuant to a plea agreement whereby he received concurrent sentences of 30 years at hard labor on both counts. The first 15 years of the cocaine charge and the first 10 years of the manufacture charge were to be served without benefit of parole, probation or suspension of sentence. The record indicates that on the same day the defendant also pled guilty to unrelated charges of possession of marijuana, third offense, and possession of a firearm by a convicted felon, for which he received agreed sentences of, respectively, 20 years and 10 years at hard labor. The firearm sentence was ordered to be served without benefit of parole, probation or suspension of sentence. The state agreed to not file multiple offender bills against him on any of these charges. It was further agreed that these sentences would run concurrently with each other and any other sentence. Additionally, the court imposed fines and court costs for these four convictions.

[2] As discussed *infra*, the defendant actually pled guilty to possession of Schedule II CDS.

> years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
>
> The trial court sentenced him to life imprisonment without benefit of parole, probation or suspension of sentence.

*State v. Mandigo*, 136 So. 3d 292, 293-95 (La. App. 2 Cir. 2014).

Petitioner appealed to the Second Circuit Court of Appeal on May 7, 2009, and argued only that the trial court erred in denying his motion for a continuance. [doc. # 16-3, p. 277-280]. The Second Circuit affirmed Petitioner's convictions on September 30, 2009. *Mandigo*, 21 So. 3d at 1032. The Louisiana Supreme Court denied Petitioner's application for writs on May 28, 2010. *State v. Mandigo*, 36 So. 3d 245 (La. 2010). Petitioner did not seek further direct review before the United States Supreme Court.

On August 15, 2011, Petitioner filed an application for post-conviction relief in the trial court and raised the following claims: (1) ineffective assistance of appellate counsel; (2) trial counsel failed to investigate and prepare an adequate defense; (3) the State improperly introduced a certificate of analysis without first calling the forensic chemist to testify; (4) trial counsel failed to object to the State's introduction of a certificate of analysis; (5) Petitioner did not knowingly and intelligently waive his right to a jury trial; (6) the trial court improperly admitted hearsay testimony; (7) trial counsel failed to object to evidence used to adjudicate Petitioner as a fourth felony offender; and (8) the officers conducted an unlawful search and seizure. [doc. #s 16-4, p. 220; 16-5, p. 3]. The trial court denied Petitioner's application on July 23, 2012. [doc. # 8-1, p. 3].

Petitioner sought further collateral review before the Second Circuit Court of Appeal on

3

August 7, 2012. [doc. # 16-6, p. 20]. He claimed that the trial court erred when it refused to grant an evidentiary hearing and when it denied relief on Claims 1, 2, 5, 7, and 8. *Id.* at 31. The Second Circuit granted the writ in part and found "that the defendant was incorrectly adjudicated a fourth felony habitual offender and illegally sentenced to life imprisonment." *Mandigo*, 136 So. 3d at 295; [doc. # 16-6, p. 416]. The court remanded the matter for resentencing and denied the remaining claims. *Id.* On November 29, 2012, Petitioner pursued further collateral relief before the Louisiana Supreme Court on the claims that the Second Circuit denied. [doc. # 16-7, p. 3]. The Supreme Court denied Petitioner's application on November 15, 2013. *State ex rel. Mandigo v. State*, 125 So. 3d 1099 (La. 2013).

On July 15, 2013, the trial court, on remand, found that Petitioner was a third felony offender and sentenced him to forty years imprisonment at hard labor. [doc. # 16-8, p. 71-72]. Petitioner appealed on September 30, 2013, and claimed that his sentence was excessive, that his sentence involved an improper double enhancement, and that the trial court did not inform him of his right to represent himself. *Id.* at 110. The Second Circuit affirmed Petitioner's conviction and sentence on February 26, 2014. *Mandigo*, 136 So. 3d at 299. Petitioner filed a writ of certiorari before the Louisiana Supreme Court on March 25, 2014. *Id.* at 163. That writ is pending.[3]

Petitioner filed the instant Petition on December 2, 2013. [doc. # 1]. He requests relief for the following claims: (1) trial counsel failed to "make a contemporaneous objection to the

---

[3] Respondent briefly argues that the instant Petition is premature because Petitioner's writ of certiorari remains pending. [doc. # 16-1, p. 18]. However, because Petitioner did not include any of the claims currently before the Louisiana Supreme Court in the instant Petition, he need not exhaust those claims prior to petitioning this Court for relief.

State's introduction of the certificate of analysis"; (2) trial counsel failed to object to the evidence introduced at a multiple offender hearing; (3) trial counsel failed to preserve Petitioner's right to a jury trial; (4) trial counsel failed to examine the State's discovery; (5) appellate counsel failed to investigate the case; (6) the trial court erred in refusing to grant a continuance; and (7) the trial court improperly admitted evidence in violation of the Confrontation Clause. *Id.* at 9-14.

The matter is now before the Court.

## Law and Analysis

**I.      Standard of Review – 28 U.S.C. § 2254**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs *habeas corpus* relief. The AEDPA limits how a federal court may consider *habeas* claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). An inmate must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting

*Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 740. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. Exhaustion of State Court Remedies

Respondent contends that the Court cannot consider four of Petitioner's claims because Petitioner failed to properly present the claims to the state courts for review prior to filing the instant Petition. [doc. # 16-1]. This contention is well-taken.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). The Fifth Circuit explained exhaustion as follows:

> The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings, even if the state court fails to address the federal claim, or, if the federal claim is not fairly presented but the state court addresses it *sua sponte*. A claim is fairly presented when the petitioner asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that

6

> is well within the mainstream of constitutional litigation.[4]  It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. Rather, the petitioner must afford the state court a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (internal quotations marks and citations omitted).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.*

Here, it is clear from a review of the state court record that Petitioner failed to exhaust the following claims: (1) trial counsel failed to examine discovery prior to trial; (2) trial counsel failed to object to the State's introduction of a certificate of analysis; (3) trial counsel failed to preserve Petitioner's right to a jury trial; and (4) the trial court improperly admitted evidence in violation of the Confrontation Clause.  Petitioner did not present these claims to the Louisiana Supreme Court on direct review or on post-conviction attack.  [*See* doc. #s 16-4, p. 96; 16-7, p. 3].  Thus, as Petitioner has yet to invoke one complete round of the State's established appellate review process, these claims should be dismissed.

Moreover, if Petitioner were to assert these unexhausted claims before the state courts in

---

[4] A petitioner does not "fairly present" a claim to a state court if that court must read either a brief before a lower court or a lower court's opinion to locate the claim.  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

a second application for post-conviction relief, the state courts would reject Petitioner's application as procedurally barred in reliance on LA. CODE CRIM. PROC. ANN. art. 930.4(E), which states that a "successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application," or in reliance on Article 930.4(D), which states that a "successive application shall be dismissed if it fails to raise a new or different claim." Thus, Petitioner's claims are procedurally defaulted and the Court, by extension, is barred from undertaking review. *See Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999) ("Procedural default exists where . . . the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred."); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).[5]

To be sure, a petitioner may be excepted from the procedural default rule if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's

---

[5] The State argues that the instant Petition is a mixed petition because it contains exhausted and unexhausted claims. [doc. # 16-1, p. 19]. It is well settled that a mixed *habeas* petition should usually be dismissed without prejudice so that the petitioner may either return to the state courts to exhaust his claims or amend his federal petition and resubmit it, raising only the exhausted claims. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). Here, however, while Petitioner's claims are not exhausted in the traditional sense, they are "technically exhausted" because no state remedies remain available. *Coleman v. Thompson*, 501 U.S. 722, 731-33 (1991) (holding that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion" because there are no state remedies available to him). In this scenario, "there is no substantial difference between nonexhaustion and procedural default." *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998). In that respect, the Fifth Circuit has held that when a petition presents both exhausted claims and unexhausted claims that are procedurally barred, the petition should not be dismissed as a mixed petition because there is nothing for the petitioner to exhaust. *Bagneris v. Cain*, 254 Fed. App'x 351, 352 (5th Cir. 2007); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (cited with approval in *Sones*, 61 F.3d at 416 ("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review")).

failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that the petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim or objection despite recognizing it, does not constitute cause for a procedural default. *Id.* at 486.

Here, Petitioner has not offered any cause for failing to include all of his post-conviction claims in his writ applications to the Louisiana Supreme Court. Nor does this Court's review of the record reveal any factor external to the defense that prevented Petitioner from properly raising the claims. In that respect, "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997). Here, having failed to show an objective cause for his default, the Court need not determine whether prejudice existed. However, even assuming, *arguendo*, that Petitioner could establish cause, it is unlikely that he could establish prejudice since he has not provided any reason to suspect that the Supreme Court would have ruled in his favor.

Petitioner's claim is thus procedurally barred from review absent a showing that a fundamental miscarriage of justice will occur if the merits of the claim are not reviewed. *Hogue*, 131 F.3d at 497. To establish a fundamental miscarriage of justice, Petitioner must provide this Court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). To satisfy this standard, Petitioner must show that "but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the

underlying offense." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Here, Petitioner makes no argument that a fundamental miscarriage of justice will occur if his claims are not reviewed by this Court. Accordingly, Petitioner has failed to overcome the procedural bar to the claims at issue. These claims should be **DISMISSED WITH PREJUDICE**.

### III. Petitioner's Remaining Claims

Petitioner's exhausted claims include: (1) trial counsel failed to object to the evidence introduced at a multiple offender hearing; (2) appellate counsel failed to investigate the case; and (3) the trial court erred in refusing to grant a continuance. However, Petitioner does not elaborate on these claims, does not allege any specific facts, and does not provide any evidence in support. These unsupported and conclusory claims are insufficient and do not warrant relief. *See Uresti v. Lynaugh*, 821 F.2d 1099, 1103 (5th Cir. 1987) (holding that a *habeas* petitioner has the burden of proving facts in support of his or her claim and unsupported, conclusory allegations do not warrant *habeas* relief). They should be **DENIED** accordingly.

### Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that the Petition for *habeas corpus* filed by Petitioner Anthony M. Mandigo, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response

or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 21st day of October, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE